1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8
     Luis A. Moreno,                        )    No. CV-12-1567-PHX-FJM
9                                           )
                    Plaintiff,              )    **ORDER**
10                                          )
     vs.                                    )
11                                          )
     Carolyn W. Colvin, Acting Commissioner )
12   of Social Security,                    )
                                            )
13                  Defendant.              )
     ───────────────────────────────────   )
14

15        The court has before it plaintiff's opening brief (doc. 11), defendant's response (doc.

16   14), and plaintiff's reply (doc. 15).

                                           **I.**
17

18        This case arises from a denial by the Social Security Administration of plaintiff's

19   application for supplemental security income benefits under Title XVI of the Social Security

20   Act.  Plaintiff alleged a disability beginning February 29, 2008, due to physical and mental

21   impairments, including major depression with psychotic features.  The claim was denied

22   initially and upon reconsideration.  After a hearing on November 1, 2010, the administrative

23   law judge (ALJ) issued a decision denying benefits.  The decision became the final decision

24   of the Commissioner when the Appeals Council denied plaintiff's request for review.

25   Plaintiff then filed this action for judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

26        A district court may set aside a denial of benefits "only if it is not supported by

27   substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954

28   (9th Cir. 2002).  Substantial evidence is "relevant evidence which, considering the record as

a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

The ALJ determined that plaintiff's diabetes, obesity, and depression were "severe" impairments as defined by the Social Security Act. He also found that plaintiff's intellectual functioning was in the borderline range, but that his cognitive impairment was not "severe" within the meaning of the Act. The ALJ concluded that plaintiff has the residual functional capacity to perform medium work, except that his mental impairments limit him to unskilled work. Tr. 31. The ALJ further found that plaintiff is able to perform his past relevant work as a field worker, restaurant worker, and a landscape worker. Therefore, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.

**II.**

At step two of the five-step sequential analysis, the ALJ found that plaintiff's diabetes, obesity and depression were "severe" within the meaning of 20 C.F.R. § 416.920(c). Plaintiff argues that the ALJ erred in failing to also find that his cognitive impairment was "severe."

An impairment is "severe" if it "significantly limits" an individual's mental or physical ability to perform basic work activities. Id. Notwithstanding that the ALJ did not include borderline intellectual functioning in the list of plaintiff's "severe" impairments, he did consider the impairment throughout the sequential analysis and included the effect of the borderline intellectual functioning in determining the plaintiff's residual functional capacity. The ALJ acknowledged IQ testing by Dr. Bencomo that revealed a nonverbal IQ of 75. He also considered plaintiff's lapses in concentration and memory during Dr. Bencomo's examination, and plaintiff's reports of memory difficulties to treating and examining sources. Tr. 31, 415, 424-25, 465. Based on the record evidence, the ALJ found that plaintiff had moderate difficulty in concentration, persistence, and pace. Tr. 31. The ALJ concluded that plaintiff's mental impairments limit him to unskilled work. Tr. 31.

1    Therefore, to the extent the ALJ erred in failing to include borderline intellectual

2    functioning in the list of severe impairments, it had no practical effect and was therefore

3    harmless.  See Pederson v. Comm'r Soc. Sec. Admin., 405 Fed. Appx. 117, 119 (9th

4    Cir.2010) (holding that a step two determination had no practical effect when the ALJ did

5    not end the analysis at step two).

6                                      **III.**

7                                      **A.**

8         Plaintiff next contends that the ALJ failed to properly weigh medical source opinions.

9    Specifically, he argues that although the ALJ accorded "significant" weight to certain

10   limitations assessed by examining physician Dr. Bencomo, he erred in rejecting other

11   limitations identified by Dr. Bencomo.

12        The ALJ gave significant weight to Dr. Bencomo's opinion that plaintiff could

13   remember locations and understand and remember very short, simple instructions, but would

14   have difficulty understanding detailed and complex instructions.  Accordingly, the ALJ

15   concluded that plaintiff's mental impairment limits him to unskilled work. Tr. 36, 425.  The

16   ALJ, however, did not accept Dr. Bencomo's opinion that plaintiff would be unable to work

17   in coordination with others, including coworkers and supervisors, without being distracted

18   by them due to paranoid delusional thinking. Tr. 36, 425.  The ALJ based this conclusion

19   on his finding that plaintiff's symptoms were alleviated with treatment, his treating sources

20   consistently noted that plaintiff was polite and respectful in interactions, and the record

21   demonstrated that plaintiff is able to sustain close relationships with family and friends. Tr.

22   36, 455, 579, 668, 676.

23        The ALJ also supported this conclusion based on the opinion by Dr. Gallucci, a

24   reviewing State agency psychologist.  When there is a conflict between the opinions of

25   medical source experts, an ALJ may disregard the opinion of an examining physician if he

26   sets forth "specific and legitimate reasons supported by substantial evidence in the record for

27   doing so." Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Although a contrary

28   opinion by a non-examining medical expert does not alone constitute specific, legitimate

1  reasons for rejecting a treating or examining physician's opinion, it may "constitute
2  substantial evidence when it is consistent with other independent evidence in the record."
3  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); SSR 96-6p.

4      Dr. Gallucci completed forms indicating that plaintiff had marked limitations in his
5  ability to understand, remember, and carry out detailed instructions, and no more than
6  moderate limitations in the remaining functional abilities. Tr. 427-28. Dr. Gallucci opined
7  that plaintiff could perform simple work, work in coordination with or proximity to others
8  without being unduly distracted, respond appropriately to criticism from supervisors, and
9  respond appropriately to changes in a routine work setting. Tr. 429. Dr. Gallucci therefore
10 concluded that plaintiff had all of the abilities required to meet the mental demands of
11 unskilled work. Tr. 429.

12     Dr. Gallucci's opinion is consistent with other evidence in the record including
13 treating sources who consistently noted that plaintiff was always polite, respectful and
14 cooperative in their interactions. Tr. 648, 650, 676. Moreover, even Dr. Bencomo found that
15 plaintiff has adequate social interaction skills and can interact appropriately with the general
16 public. Tr. 36, 425. Like other medical sources, Dr. Bencomo reported that plaintiff's
17 behavior during interactions was socially appropriate. Tr. 425.

18     Finally, Dr. Bencomo's opinion was based in large part on plaintiff's subjective
19 complaints of disabling limitations. Therefore the reliability of that opinion is inextricably
20 intertwined with plaintiff's credibility. The ALJ's conclusion that plaintiff is not fully
21 credible, Tr. 34, also calls into question the reliability of Dr. Bencomo's assessments. See
22 Tonapetyan, 242 F.3d at 1149 ("Because the present record supports the ALJ in discounting
23 [claimant's] credibility, . . . he was free to disregard [an examining physician's] opinion,
24 which was premised on [claimant's] subjective complaints.").

25     These reasons are sufficiently specific and legitimate to support the ALJ's decision
26 to discount portions of Dr. Bencomo's opinion.

27

28

- 4 -

**B.**

The ALJ also rejected the opinion of psychiatric physician's assistant Harmston who found that plaintiff had several "moderately severe" and one "severe" mental functional limitations. Tr. 706-07. First, the ALJ rejected Harmston's opinion that plaintiff has a severe restriction in his ability to respond appropriately to others because it is inconsistent with treating sources who reported that plaintiff is always polite, respectful, and cooperative. Tr. 35. Moreover, these conclusions were inconsistent with Mr. Harmston's own treatment records which demonstrated that plaintiff's condition improved with treatment. Tr. 675.

We conclude that the ALJ gave sufficiently specific and legitimate reasons for discounting the opinions of physician's assistant Harmston.

**IV.**

Plaintiff also contends that the ALJ erred in discounting his subjective complaints of disabling symptoms. When evaluating the credibility of subjective complaints, the ALJ must first consider whether there is an underlying medical impairment that could reasonably be expected to produce the claimant's pain or other symptoms. If an underlying impairment is shown, and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms by giving "specific, clear and convincing reasons for the rejection." Chaudhry v. Astrue, 688 F.3d 661, 670-71 (9th Cir. 2012).

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause only some of plaintiff's alleged symptoms. The ALJ supported this conclusion by noting that both treating sources, and the plaintiff himself, reported that his medications were working and that he was feeling better. Tr. 33. An impairment that can reasonably be alleviated by treatment cannot serve as a basis for a finding of disability. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

The ALJ observed that plaintiff had a long history of mental health treatment with counseling and medication that were "generally successful" in controlling his symptoms of depression and anxiety. Tr. 35. In June 2008, plaintiff reported that he was doing better and his mental status exam revealed euthymic (normal) mood and appropriate affect. Tr. 457.

1    In July 2008, plaintiff's counselor reported that he was doing well and could be discharged

2    from counseling. Tr. 639.  In February 2010, plaintiff stated he was "getting along,"and his

3    medications worked well without side effects.  Tr. 675.  Plaintiff's treating physician's

4    assistant, Mr. Harmston, reported that plaintiff's mood was euthymic and his affect

5    appropriate.  Tr. 676.  Plaintiff reported in May 2010 that his medications were working and

6    that he was feeling better.  Tr. 33.  In September 2010, treating sources noted that plaintiff's

7    medications were working well and that plaintiff exhibited normal behavior, an appropriate

8    affect, relaxed mood and good concentration.  Tr. 33.  The ALJ's finding that plaintiff's

9    treatment has been generally successful in controlling his symptoms is supported by

10   significant evidence in the record.

11           The ALJ also found that plaintiff's daily activities were not fully consistent with his

12   complaints of disabling limitations.  Plaintiff is able to spend time with his father and

13   extended family, take frequent walks, help with housecleaning, and actively look for work.

14   The ALJ reasonably found that the job search indicates that plaintiff's own perceptions of

15   his ability to work are at odds with the limitations he otherwise reported.

16           All of these reasons are sufficiently clear and convincing to support the ALJ's

17   conclusion that plaintiff's subjective complaints are not fully credible.

18                                              **V.**

19           Based on the foregoing, we conclude that the ALJ's decision that plaintiff is not

20   disabled is supported by substantial evidence in the record.  Therefore, **IT IS ORDERED**

21   **AFFIRMING** the decision of the Commissioner denying disability benefits.

22           DATED this 26th day of September, 2013.

23

24                    _Frederick J. Martone_

25                    Frederick J. Martone
                      Senior United States District Judge

26

27

28